# EXHIBIT E

AO 440 (Rev 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

_____Southern_____    **DISTRICT OF** _____New York_____

BYRON ACOSTA

### SUMMONS IN A CIVIL CASE

V.

CASE NUMBER: (AKH)
**07CV1552**

BANKERS TRUST COMPANY, ET. AL.,

SEE ATTACHED RIDER,


TO: (Name and address of defendant)

SEE ATTACHED RIDER


**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

WORBY GRONER EDELMAN & NAPOLI BERN, LLP
115 Broadway, 12th Floor
New York, New York 10006
212-267-3700


an answer to the complaint which is herewith served upon you, within _____30_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will betaken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.


### J. MICHAEL McMAHON

_____    _____
CLERK    DATE


_____
(BY) DEPUTY CLERK

AO 440 (Rev 10/93) Summons in a Civil Action - SDNY WEB 4/99

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐   Served personally upon the defendant. Place where served: _____
_____

☐   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
     discretion then residing therein.
     Name of person with whom the summons and complaint were left: _____
_____

☐   Returned unexecuted: _____
_____
_____
_____

☐   Other *(specify):* _____
_____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

      I declare under penalty of perjury under the laws of the United States of America that the
foregoing information contained in the Return of Service and Statement of Service Fees is true
and correct.

Executed on _____     _____
               Date                           Signature of Server

                                     _____
                                     Address of Server

(1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure

**RIDER**

BYRON ACOSTA,

Plaintiffs,

- against -

BANKERS TRUST COMPANY, BT PRIVATE
CLIENTS CORP., DEUTSCHE BANK TRUST
COMPANY, DEUTSCHE BANK TRUST
COMPANY AMERICAS, DEUTSCHE BANK
TRUST CORPORATION, HILLMAN
ENVIRONMENTAL GROUP, LLC., THE BANK
OF NEW YORK TRUST COMPANY NA,
TISHMAN INTERIORS CORPORATION,
VERIZON COMMUNICATIONS, INC.,
VERIZON NEW YORK, INC, AND VERIZON
PROPERTIES, INC., ET AL

Defendants.
X

_____

**Defendants' Addresses:**

BANKERS TRUST COMPANY
C/O Real Estate Management Office
529 Fifth Avenue
New York, NY 10017

BT Private Clients Corp.
280 Park Ave, 6W
New York, NY 10017-1216

DEUTSCHE BANK TRUST COMPANY AMERICAS
60 Wall Street
NEW YORK, NY 10005

DEUTSCHE BANK TRUST COMPANY
60 Wall Street
New York, NY 10005-2858

DEUTSCHE BANK TRUST CORPORATION
60 WALL ST
NEW YORK, NY 10005

HILLMAN ENVIRONMENTAL GROUP, LLC.
1600 Route 22 East
Union, NJ 07083

THE BANK OF NEW YORK TRUST COMPANY NA
One Wall Street
New York, NY 10286

Tishman Interiors Corporation
666 5th Avenue
New York, NY 10103

Verizon Communications, Inc.
1095 Avenue of the Americas
New York, NY 10036

VERIZON NEW YORK, INC
1095 AVENUE OF THE AMERICAS
NEW YORK, NY 10001

VERIZON PROPERTIES, INC.
One Verizon Way
Basking Ridge, NJ 07920

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**21 MC 102 (AKH)**

IN RE LOWER MANHATTAN DISASTER SITE
LITIGATION

BYRON ACOSTA

                            Plaintiffs,

  - against -

(SEE SECTION IV., PARTIES, WITHIN)

                          Defendants.

**DOCKET NO. 07CV1552
COMPLAINT BY ADOPTION
(CHECK-OFF COMPLAINT)
RELATED TO THE
MASTER COMPLAINT**

**PLAINTIFF(S) DEMAND A
TRIAL BY JURY**

By Case Management Order Number 3, of the Honorable Alvin K. Hellerstein, United States District Judge, dated March 21, 2007, ("the Order"), a Master Complaint for all Plaintiffs is to be filed by June 1, 2007. In conjunction with said filing, the within pro-forma Complaint by Adoption (Check-Off) Complaint is also to be filed by June 1, 2007.

# I.

## INTRODUCTION
## NOTICE OF ADOPTION

A Plaintiff-Specific Complaint by Adoption (Check-Off Complaint), in the within format, is to be filed by each Plaintiff, and to be utilized and read in conjunction with the Master Complaint on file with the Court. Where applicable to the instant Plaintiff(s), specific paragraphs are to be marked with an "☑," and specific case information is to be set forth, inserting said information in the blank space, if provided. If Plaintiff wishes to assert additional allegations, such may be done by annexing separate labeled Riders, maintaining the same section headings and checking the ☐ "Other" box in the appropriate section of the Check-Off complaint.

Plaintiffs, as captioned above, by his/her/their attorneys, complaining of Defendant(s), respectfully allege:

☑ 1.   All headings, paragraphs, allegations and Causes of Action in the entire Master Complaint are applicable to and are adopted by the instant Plaintiff(s) as if fully set forth herein, in addition to those paragraphs specific to the individual Plaintiff(s), which are included below or annexed in a rider.

☑ 2.   Plaintiffs adopt those allegations as set forth in the Master Complaint Section I, Introduction Notice of Adoption.

## II.
## JURISDICTION

☑ 3.   Plaintiffs adopt those allegations as set forth in the Master Complaint Section II,    Jurisdiction.

☑ 4.   The Court's jurisdiction over the subject matter of this action is: Founded upon Federal Question Jurisdiction specifically

☐ 4A.    Air Transport Safety & System Stabilization Act of 2001, (or)

☐ 4B.    Federal Officers Jurisdiction, (or)

☐ 4C.    Other if an individual plaintiff is alleging a basis of jurisdiction not stated above, plaintiff should check this box, and attach a Rider. Individual plaintiff should then immediately notify Plaintiff Liaison by email and in writing, and request an amendment to the Master Pleadings and the Check-Off Complaint pursuant to the applicable CMO governing said amendment. (if checked attach Rider)

☑ 4D.    Contested, but the Court has already determined that it has removal jurisdiction over this action, pursuant to 28 U.S.C. § 1441.

## III.
## VENUE

☑ 5.   Plaintiffs adopt those allegations as set forth in the Master Complaint Section III, Venue.

## IV.
## PARTIES

☑ 6.   Plaintiffs adopt those allegations as set forth in the Master Complaint Section IV, Parties.

☑ 7.   THE INJURED PLAINTIFF'S NAME IS (referencing the individual specifically

injured/deceased, hereinafter referred to as "Decedent Plaintiff"): <u>BYRON ACOSTA</u>

☑ 8.   THE INJURED PLAINTIFF'S ADDRESS IS: <u>4125 Bergen Turnpike, North Bergen, NJ, 07047.</u>

☐ 9.   THE REPRESENTATIVE PLAINTIFF'S NAME IS (if "Injured Plaintiff" is deceased):

_____(hereinafter referred to as the "Representative Plaintiff")

☐ 10.  THE REPRESENTATIVE PLAINTIFF'S ADDRESS IS (if "Injured Plaintiff" is deceased):

_____

☐ 11.  THE REPRESENTATIVE PLAINTIFF (if "Injured Plaintiff" is deceased) was appointed as

Administrator of the Goods, Chattels and Credits which were of the "Injured Plaintiff" on

_____, by the Surrogate Court, County of _____, State of New York.

☐ 12.  THE REPRESENTATIVE PLAINTIFF (if "Injured Plaintiff" is deceased) was appointed as

Executor of the Estate of the "Injured Plaintiff" on _____, by the Surrogate Court,

County of _____, State of New York.

☐ 13.  THE DERIVATIVE PLAINTIFF'S NAME: (hereinafter referred to as the "Derivative Plaintiff"

and if deceased, hereinafter referred to as "Decedent Derivative Plaintiff")

_____

☐ 14.  THE DERIVATIVE PLAINTIFF'S ADDRESS: _____

☐ 15.  THE REPRESENTATIVE DERIVATIVE PLAINTIFF'S NAME: (if "Derivative  Plaintiff" is

deceased) _____

☐ 16.  THE REPRESENTATIVE PLAINTIFF'S DERIVATIVE ADDRESS (if "Derivative Plaintiff"

is deceased): _____

☐ 17.  THE REPRESENTATIVE DERIVATIVE PLAINTIFF was appointed as Administrator of the

Goods, Chattels and Credits which were of the "Derivative Plaintiff" on

3

_____, by the Surrogate Court, County of _____, State of New York.

☐ 18. THE REPRESENTATIVE DERIVATIVE PLAINTIFF was appointed as Executor of the Estate of the "Derivative Plaintiff" on _____, by the Surrogate Court, County of _____, State of New York.

☐ 19. Injured Plaintiff, as aforementioned, is an individual and a resident of the State of New York residing at the aforementioned address.

☑ 20. Injured Plaintiff, as aforementioned, is an individual and a resident of (if other than New York) NJ, and resides at the aforementioned address.

☐ 21. Representative Plaintiff, as aforementioned, is a resident of the State of New York, residing at the aforementioned address.

☐ 22. Representative Plaintiff, as aforementioned, is an individual and a resident of (if other than New York)_____, and resides at the aforementioned address.

☐ 23. Representative Plaintiff, as aforementioned, brings this claim in his/her representative capacity, as aforementioned on behalf of the Estate of the Decedent Plaintiff.

☐ 24. Derivative Plaintiff, as aforementioned, is a resident of the State of New York, residing at the aforementioned address.

☐ 25. Derivative Plaintiff, as aforementioned, is an individual and a resident of (if other than New York)_____, and resides at the aforementioned address.

☐ 26. Representative Derivative Plaintiff, as aforementioned, is a resident of the State of   New York, residing at the aforementioned address.

☐ 27. Representative Derivative Plaintiff, as aforementioned, is an individual and a resident of (if other than New York)_____, and resides at the aforementioned address.

☐ 28. Representative Derivative Plaintiff, as aforementioned, brings this claim in his/her representative capacity, as aforementioned, on behalf of the Estate of the Derivative Plaintiff.

4

☐ 29. The Derivative Plaintiff and or the Representative Derivative Plaintiff in his or her representative capacity on behalf of the estate of the Decedent Derivative Plaintiff was the:

    ☐ a.   SPOUSE at all relevant times herein, was lawfully married to Plaintiff, and brings this derivative action for her/his loss due to the injuries sustained by her husband/his wife, Injured Plaintiff.

    ☐ b.   Other: (If checked, attach Rider)

*Instructions: To the extent that plaintiff has specificity as to the area within the building/location listed, such should be indicated on a separate line. If plaintiff is unable at this time to enunciate such specificity at this time, the applicable column should be marked with an "☑ " (See Sample Chart below)*

*Each sub-paragraph shall be deemed to allege: "The Injured Plaintiff at times relevant to the claims herein, worked at (address/location) for the following (dates of employment), while in the employ of (name of employer), maintaining the position of (job title) and worked at said location for approximately (hours).i.e. The Injured Plaintiff at times relevant to the claims herein, worked at 500 Broadway, for the following dates, 10/1/01-6/1/02, while in the employ of ABC Corp, maintaining the position of cleaner and worked at said location for approximately 20 hours.*

☑ 30. The Injured Plaintiff worked at the address/location for following dates of employment, for the employer, in the job title of, and for the number of hours, as specified below.

*Sample Chart*

|  |  | ADDRESS/ LOCATION | NON-SPECIFIC LOCATION | DATES OF EMPLOYMENT | NAME OF EMPLOYER | JOB TITLE | HOURS WORKED | Percent Of Total |
|---|---|---|---|---|---|---|---|---|
| ☑ | 30a | *500 Broadway | X | 10/1/01-6/1/02 | ABC CORP. | CLEANER | 20 | 50 |
| ☑ | 30b | 1600 Broadway (lobby) |  | 11/1/01-11/15/01 | ABC CORP. | CLEANER | 10 | 25 |
| ☑ | 30c | 1600 Broadway Fl 10-15 |  | 12/15/01-12/16/01 | XYZ Corp. | CLEANER | 10 | 25 |
|  |  |  |  | Total Hours Worked: | 40 |  |  |  |

| | | ADDRESS/LOCATION | DATES OF EMPLOYMENT | NAME OF EMPLOYER | JOB TITLE | HOURS WORKED | Percent Of Total |
|---|---|---|---|---|---|---|---|
| ☑ | 30a. | Deutsche Bank Building ------------------- | 09/14/2001-11/15/2001 ------------------- | LVI Environmental Services, Inc. | Handler | 496 ----- | 50% ----- |
| ☑ | 30b. | Verizon Building ------------------- | 09/14/2001-11/15/2001 ------------------- | | | 496 ----- | 50% ----- |
| ☐ | 30c. | | | Same As Above | Same As Above | | |
| ☐ | 30d. | | | | | | |
| ☐ | 30e. | | | | | | |
| ☐ | 30f. | | | | | | |
| ☐ | 30g. | | | | | | |
| ☐ | 30h. | | | | | | |
| ☐ | 30i. | | | | | | |
| ☐ | 30j. | | | | | | |
| ☐ | 30k. | | | | | | |
| ☐ | 30l. | | | | | | |
| ☐ | 30m. | | | | | | |
| ☐ | 30n. | | | | | | |
| ☐ | 30o. | | | | | | |
| ☐ | 30p. | | | | | | |
| ☐ | 30q. | | | | | | |
| ☐ | 30r. | | | | | | |
| ☐ | 30s. | | | | | | |

☐ Other (if checked, attach Rider and continue with same format for sub-divisions)

The plaintiff worked for the total number of hours as indicated below:

| | |
|---|---|
| ☑ 30t. | Total Hours Worked: 992 |

6

☑ 31. The Injured Plaintiff was exposed to and breathed noxious fumes on all dates, at the site(s) indicated above, unless otherwise specified.

☑ 32. The Injured Plaintiff was exposed to and inhaled or ingested toxic substances and particulates on all dates at the site(s) indicated above, unless otherwise specified

☑ 33. The Injured Plaintiff was exposed to and absorbed or touched toxic or caustic substances on all dates at the site(s) indicated above, unless otherwise specified

☐ Other: (if checked, attach Rider)

☑ 34. The Plaintiff, and/or if also applicable to derivative plaintiff also, check here ☑, or his/or representative, has not made a claim to the Victim Compensation Fund. Therefore, pursuant to §405(c)(3)(B)(i) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. 40101, the issue of waiver is inapplicable.

☐ 35. The Plaintiff and/or if also applicable to derivative plaintiff also, check here ☐, or his/or representative, has made a claim to the Victim Compensation Fund, which claim was not deemed "substantially complete." The plaintiff therefore has not waived the "right to file a civil action (or be party to an action) in any Federal or State court for damages sustained as a result of the terrorist aircraft crashes of September 11,2001, except for civil actions to recover collateral source obligations." 49 U.S.C. 40101 at § 405 (c)(3)(B).

☑ 36. The allegations in the body of the Master Complaint, and any additional allegations made in this Plaintiff-Specific Complaint by Adoption, are asserted as against each defendant as checked off below and/or/as added to a Rider to this Plaintiff-Specific Complaint by Adoption, in the same format as appears herein, with any additional allegations as are deemed appropriate.

☑ 37. The specific Defendants alleged relationship to the property, as indicated below or as otherwise the evidence may disclose, or their role with relationship to the work thereat, gives rise to liability under the causes of actions alleged, as referenced in the Master Complaint.

*Instruction: The Defendant(s) names in the Master Complaint are re-stated below. The Defendant's are listed by reference to the building and/or location at which this specific plaintiff*

7

*alleges to have worked. .* Each sub- paragraph shall be deemed to allege: "With reference to (*address*), the defendant (*entity*) was a and/or the *(relationship)* of and/or at the subject property and/or in such relationship as the evidence may disclose," (i.e. With reference to *4 Albany Street*, defendant *Bankers Trust Company,* was the *owner* of the subject project and/or in such relationship as the evidence may disclose)

☑ 38. With reference to (*address as checked below*), the defendant (*entity as checked below*) was a and/or the (*relationship as indicated below*) of and/or at the subject property and/or in such relationship as the evidence may disclose.

☑ (38-47) 130 LIBERTY STREET (DEUTSCHE BANK BUILDING)
    ☑ A.   DEUTSCHE BANK TRUST CORPORATION (OWNER)
    ☑ B.   DEUTSCHE BANK TRUST COMPANY (OWNER)
    ☑ C.   BANKERS TRUST CORPORATION (OWNER)
    ☑ D.   DEUTSCHE BANK TRUST COMPANY AMERICAS (OWNER)
    ☑ E.   THE BANK OF NEW YORK TRUST COMPANY NA (OWNER)
    ☑ F.   BT PRIVATE CLIENTS CORP. (OWNER)
    ☑ G.   TISHMAN INTERIORS CORPORATION (CONTRACTOR)

☑ G.   TULLY CONSTRUCTION CO., INC. (CONTRACTOR)
☑ I.   TULLY INDUSTRIES (CONTRACTOR)
☑ (38-91) 140 WEST STREET (VERIZON BUILDING)
    ☑ A.   VERIZON NEW YORK, INC. (OWNER)
    ☑ B.   VERIZON PROPERTIES, INC. (OWNER)
    ☑ C.   VERIZON COMMUNICATIONS, INC. (OWNER)
    ☑ D.   HILLMAN ENVIRONMENTAL GROUP, LLC. (OWNER'S AGENT/CONTRACTOR)

8

☐ OTHER: if an individual plaintiff is alleging injury sustained at a building/location other than as above, and/or if an individual plaintiff is alleging an injury sustained at a building/location above, but is alleging a claim against a defendant not listed for said building, plaintiff should check this box, and attach a Rider. Individual plaintiff should then immediately notify Plaintiff Liaison by email and in writing, and request an amendment to the Master Pleadings and the Check-Off Complaint pursuant to the applicable CMO governing said amendment.

## V – VIII.
## <u>CAUSES OF ACTION</u>

☑ 39. Plaintiffs adopt those allegations as set forth in the Master Complaint Section V-VIII, Causes of Action.

☑ 40. Plaintiff(s) seeks damages against the above named defendants based upon the following theories of liability, and asserts each element necessary to establish such a claim under the applicable substantive law:

    ☑ 40 A.    Breach of the defendants' duties and obligations pursuant to the New York State Labor Law(s) including § 200

    ☑ 40 B.    Breach of the defendants' duties and obligations pursuant to the New York State Labor Law 241(6)

    ☐ 40 C.    Pursuant to New York General Municipal Law §205-a

    ☐ 40 D.    Pursuant to New York General Municipal Law §205-e

    ☑ 40 E.    Common Law Negligence

    ☐ 40 F.    Wrongful Death

    ☐ 40 G.    Loss of Services/Loss of Consortium for Derivative Plaintiff

    ☐ 40 H.    Other: if an individual plaintiff is alleging an additional cause of action or additional substantive law or theory of law upon which his/or claim is based, other than as appears in this section, plaintiff should check this box, and attach a Rider. Individual plaintiff should then immediately notify Plaintiff Liaison by email and in writing, and request an amendment to the Master Pleadings and the Check-Off Complaint pursuant to the applicable CMO governing said amendment. (if checked, attach Rider)

☐ 41. As to the following municipal entities or public authorities, a Notice of Claim pursuant to the applicable statutes as referenced within the Master Complaint, has been timely served on the following dates.

| Name of Municipal Entity or Public Authority | Date Notice of Claim Served |
|---|---|
| | |
| | |
| | |

☐ OTHER: If a Notice of Claim was filed against additional entities check box and attach rider

☐ 42. As to certain municipal entities or public authorities, if specified as defendants herein, with reference to the service of a Notice of Claim: an application has been made to the _____-_____, as to: _____

    ☐ 42A.  to deem Plaintiff's (Plaintiffs') Notice of Claim timely filed, or in the alternative to grant Plaintiff(s) leave to file a late Notice of Claim *Nunc Pro Tunc*, and for leave to file a late Notice of Claim *Nunc Pro Tunc* has been filed and:

    ☐ 42B.  a determination is pending

    ☐ 42C.  an Order granting petition was made on: _____

    ☐ 42D.  an Order denying petition was made on: _____

☑ 43.  As a direct and proximate result of defendant's culpable actions in the clean-up, construction, demolition, excavation, and/or repair operations and all work performed at the premises, the Injured Plaintiff sustained the following injuries including, but not limited to:

    *Abdominal*

☐ 43-1
Abdominal Pain
Date of onset: _____
Date physician first connected this injury to WTC work: _____

    *Cancer*

☑ 43-2
Fear of Cancer
Date of onset: 12/01/2003
Date physician first connected this injury to WTC work: To Be Supplied

10

☐ 43-3
Tumor (of the Brain)
Date of onset: _____
Date physician first connected this injury to WTC work: _____

☐ 43-4
Leukemia
Date of onset: _____
Date physician first connected this injury to WTC work: _____

☐ 43-5
Lung Cancer
Date of onset: _____
Date physician first connected this injury to WTC work: _____

☐ 43-6
Lymphoma
Date of onset: _____
Date physician first connected this injury to WTC work: _____

*Circulatory*

☐ 43-7
Hypertension
Date of onset: _____
Date physician first connected this injury to WTC work: _____

*Death*

☐ 43-8
Death:
Date of death: _____
If autopsy performed, date _____

*Digestive*

☑ 43-9
Gastric Reflux
Date of onset: <u>To Be Supplied</u>
Date physician first connected this injury to WTC work: <u>To Be Supplied</u>

☐ 43-10
Indigestion
Date of onset: _____
Date physician first connected this injury to WTC work: _____

☐ 43-11
Nausea
Date of onset: _____
Date physician first connected this injury to WTC work: _____

*Pulmonary*

☐ 43-12
Asthma
Date of onset: _____
Date physician first connected this injury to WTC work: _____

☐ 43-13
Chronic Obstructive Lung Disease
Date of onset: _____
Date physician first connected this injury to WTC work: _____

☐ 43-14  Chronic Restrictive Lung Disease

11

Date of onset: _____
Date physician first connected this injury to WTC work: _____

Chronic Bronchitis
☐ 43-15
Date of onset: _____
Date physician first connected this injury to WTC work: _____

Chronic Cough
☑ 43-16
Date of onset: <u>To Be Supplied</u>
Date physician first connected this injury to WTC work: <u>To Be Supplied</u>

Pulmonary Fibrosis
☐ 43-17
Date of onset: _____
Date physician first connected this injury to WTC work: _____

Pulmonary Nodules
☐ 43-18
Date of onset: _____
Date physician first connected this injury to WTC work: _____

Shortness of Breath
☑ 43-19
Date of onset: <u>To Be Supplied</u>
Date physician first connected this injury to WTC work: <u>To Be Supplied</u>

Sinusitis
☑ 43-20
Date of onset: <u>To Be Supplied</u>
Date physician first connected this injury to WTC work: <u>To Be Supplied</u>

*Skin*

Burns
☐ 43-21
Date of onset: _____
Date physician first connected this injury to WTC work: _____

Dermatitis
☑ 43-22
Date of onset: <u>To Be Supplied</u>
Date physician first connected this injury to WTC work: <u>To Be Supplied</u>

*Sleep Disorder*

Insomnia
☑ 43-23
Date of onset: <u>To Be Supplied</u>
Date physician first connected this injury to WTC work: <u>To Be Supplied</u>

*Other*

Other: Chest Pain
☑ 43-24
Date of onset: <u>To Be Supplied</u>
Date physician first connected this injury to WTC work: <u>To Be Supplied</u>

☐ If additional injuries are alleged, check here and attach Rider continuing with the same format for

sub-paragraphs

12

☑ 44.  As a direct and proximate result of the injuries identified above the Injured Plaintiff has in the past suffered and/or will in the future suffer the following compensable damages:

     ☑ 44 A. Pain and suffering

     ☐ 44 B. Death

     ☑ 44 C. Loss of the pleasures of life

     ☑ 44 D. Loss of earnings and/or impairment of earning capacity

     ☑ 44 E. Loss of retirement benefits/diminution of retirement benefits

     ☑ 44 F. Expenses for medical care, treatment, and rehabilitation

     ☑ 44 G. Mental anguish

     ☑ 44 H. Disabilities

     ☑ 44 I. Medical monitoring

     ☐ OTHER (IF CHECKED ATTACH RIDER)

☐ 45.  As a direct and proximate result of the injuries described *supra*, the Derivative plaintiff(s), have in the past suffered and/or will in the future suffer a loss of the love, society, companionship, services, affection, and support of the plaintiff and such other losses, injuries and damages for which compensation is legally appropriate, and or as is otherwise alleged.

## IX.
## PRAYER FOR RELIEF

☑ 46.  Plaintiffs adopt those allegations as set forth in the Master Complaint Section IX., Prayer for Relief.

     ☐ OTHER: Check this box if plaintiff asserts Relief other than as stated in the Master Complaint, and attach a Rider. If plaintiff asserts monetary relief in amounts other than stated in the Master Complaint, this Rider shall supplant those amounts for said plaintiff.

## X.
## JURY TRIAL DEMAND

☑ 47. Plaintiffs adopt those allegations as set forth in the Master Complaint Section X, Jury Trial

Demand.

**CHECK APPROPRIATE BOX /BOXES BELOW IF RIDER ANNEXED**

☐ OTHER ALLEGATIONS: Check this box if additional allegations are added to this Check-

Off Complaint in a Rider. All such additional allegations shall be annexed to this document and titled

Rider to Check-Off Complaint and shall reference Plaintiff's name and case number, maintaining the

same section headings, and format as appear herein.

☐ OTHER DEFENDANTS OR OTHER LOCATIONS/BUILDINGS: Check this box if

additional defendants and/or additional locations/building have been added. **If checking this box, check**

**"OTHER ALLEGATIONS", as well.**

**WHEREFORE**, plaintiff(s) respectfully pray that the Court enter judgment in his/her/their favor

and against defendant(s) for damages, costs of suit and such other, further and different relief as may be

just and appropriate.

Dated: New York, New York
       May 25, 2007

Yours, etc.

By: Christopher R. LoPalo (CL 6466)
Worby Groner Edelman & Napoli Bern, LLP
Attorneys for Plaintiffs
115 Broadway 12th Floor
New York, NY 10006
Tel: (212) 267-3700
Fax: (212) 587-0031

14

## ATTORNEY VERIFICATION

CHRISTOPHER R. LOPALO, an attorney at law, duly admitted to practice in the Courts of the State of New York, affirms under the penalties of perjury that:

He is the attorney for the plaintiff(s) in the above-entitled action. That he has read the foregoing SUMMONS AND VERIFIED COMPLAINT and knows the contents thereof, and upon information and belief, deponent believes the matters alleged therein to be true.

The reason this Verification is made by deponent and not by the plaintiff(s) is that the plaintiff(s) herein reside(s) in a county other than the one in which the plaintiff's attorneys maintain their office.

The source of deponent's information and the grounds of his belief are communication, papers, reports and investigation contained in the file.

DATED:     New York, New York
           May 25, 2007


CHRISTOPHER R. LOPALO

Docket No:

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

===============================================================

Byron Acosta,

Plaintiff(s)

- against -

SEE ATTACHED RIDER.,

Defendant(s).

===============================================================

**SUMMONS AND VERIFIED COMPLAINT**

===============================================================

**WORBY GRONER EDELMAN & NAPOLI BERN, LLP**
*Attorneys for:* Plaintiff(s)
*Office and Post Office Address, Telephone*
115 Broadway - 12th Floor
New York, New York 10006
(212) 267-3700

===============================================================

To
Attorney(s) for

===============================================================

Service of a copy of the within
                                                  is hereby admitted.

Dated,

_____

Attorney(s) for

===============================================================

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**
   **that the within is a (certified) true copy of an**
   **duly entered in the office of the clerk of the within named court on_____20__**

☐ **NOTICE OF SETTLEMENT**
   **that an order _____of which the within is a true copy**
   **will be presented for settlement to the HON.**                    **one of the**
   **judges of the**
   **within named Court, at**
   **on_____20____        at_____M.**
   **Dated,**

                    Yours, etc.,
                    **WORBY GRONER EDELMAN & NAPOLI BERN, LLP**

===============================================================